AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| SEAN ADAMS, | ) | |
| _Plaintiff_ | ) ) ) | |
| v. | ) | Civil Action No. 11 CV 2567 (SJ) (SMG) |
| THE CITY OF NEW YORK, et al. | ) ) ) | |
| _Defendant_ | ) | |

## AMENDED SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  MICHAEL A. CARDOZA, Corporation Counsel of the City of New York
100 Church Street, New York, New York 10007
UNDERCOVER OFFICER #C0098, Corporation Counsel of the City of New York
100 Church Street, New York, New York 10007

DET. BRIAN MCSWEENEY, Shield No. 3038, Brooklyn North Narcotics, 1 Police Plaza, Room 1100, New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   JON L. NORINSBERG
225 Broadway, Suite 2700
New York, N.Y. 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____   _____
_Signature of Clerk or Deputy Clerk_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SEAN ADAMS,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK, DET. BRIAN MCSWEENEY, Shield No. 3038, Individually and in his Official Capacity, UNDERCOVER OFFICER #C0098, Individually and in his Official Capacity and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**11 CV 2567 (SJ) (SMG)**

**JURY TRIAL DEMANDED**

      Plaintiff, Sean Adams, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7.     Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.     At all times hereinafter mentioned, the individually named defendants, DET. BRIAN MCSWEENEY, UNDERCOVER OFFICER #C0098, and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

### FACTS

13. On January 19, 2011, at approximately 3:00 p.m., plaintiff SEAN ADAMS was serving as a juror on a grand jury inside of 320 Jay Street on the 16th floor, County of Kings, City and State of New York.

14. Plaintiff SEAN ADAMS was seated in the grand jury box when an undercover detective entered the courtroom to testify.

15. Thereafter, defendant UNDERCOVER OFFICER #C0098 approached the witness seating area, looked at plaintiff SEAN ADAMS and said "what's up" to plaintiff.

16. In response, plaintiff SEAN ADAMS said "what's up" back to defendant UNDERCOVER OFFICER #C0098.

17. Plaintiff SEAN ADAMS had never met or interacted with defendant UNDERCOVER OFFICER #C0098 before this day.

18. Immediately after this interaction, defendant UNDERCOVER OFFICER #C0098 walked out of the courtroom with the prosecutor.

19. Thereafter, DET. BRIAN MCSWEENEY and three (3) other police officers entered the courtroom and ordered plaintiff SEAN ADAMS to accompany them to the back of the courtroom where plaintiff was placed against the wall, handcuffed and arrested.

20. Plaintiff SEAN ADAMS was then taken to the 84th Precinct in the County of Kings, City and State of New York, without ever being informed why he was being arrested.

21. In the 84th Precinct, DET. BRIAN MCSWEENEY and other police officers questioned plaintiff SEAN ADAMS about what he said to defendant UNDERCOVER OFFICER #C0098.

22. Plaintiff SEAN ADAMS repeated to the defendant police officers that all he said to defendant UNDERCOVER OFFICER #C0098 was "what's up."

23. Notwithstanding the lack of any incriminating evidence against plaintiff SEAN ADAMS, defendant police officers arrested plaintiff and charged him with intimidating and tampering with a witness testifying in a grand jury.

24. At no time on January 19, 2011, or at any other time, did plaintiff SEAN ADAMS ever intimidate or tamper with a witness testifying in a grand jury.

25. In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the Kings County District Attorney's office.

26. Specifically, defendant UNDERCOVER OFFICER #C0098 maliciously and deliberately lied about his claim that plaintiff SEAN ADAMS had threatened him.

27. Further, defendant UNDERCOVER OFFICER #C0098 concocted blatantly false and malicious allegations that he was investigating plaintiff SEAN ADAMS in a separate narcotics case.

28. As a result of defendants' malicious lies, the story of plaintiff SEAN ADAMS' arrest received extensive media coverage in the local press.

29. For example, in the New York Daily News, the story of plaintiff's arrest was reported with the glaring headline: "COP BAGS CREEP IN COURT."

30. The story went on to report that the police were "*investigating Adams in a separate narcotics case*", a blatantly false and misleading claim based on the utterly false information provided by defendants.

31. The news reports of plaintiff SEAN ADAM's arrest – and in particular, his alleged

involvement with a narcotics investigation – severely damaged plaintiff's personal and professional reputation in the community.

32. Prior to this incident, plaintiff SEAN ADAMS had never before been arrested in his life.

33. Plaintiff SEAN ADAMS had always maintained an upstanding reputation in his community, working for both the New York City Board of Education and Nike.

34. In addition, plaintiff SEAN ADAMS was a well-respected volunteer basketball coach, working for many years with the Amateur Athletic Union (AAU) and the National Collegiate Athletic Association (NCAA) to promote the development of high school students and help them attend college.

35. As a result of this unlawful arrest, plaintiff SEAN ADAMS was suspended from his job at the Board of Education, and was also denied certification to be able to coach basketball at NCAA sanctioned events.

36. In addition, this arrest severely damaged plaintiff SEAN ADAMS' reputation amongst amateur basketball players and their parents, many of whom questioned plaintiff about the arrest and about his alleged involvement with narcotics.

37. As a result of this unlawful arrest, plaintiff SEAN ADAMS spent approximately four (4) days in jail, and was required to make multiple court appearances for four (4) months to defend himself against the false charges which defendants had filed against him.

38. Notwithstanding defendants' unlawful and perjurious conduct, on May 17, 2011, all charges against plaintiff SEAN ADAMS were dismissed by the Honorable S. Mondo.

39. As a result of the foregoing, plaintiff SEAN ADAMS sustained, inter alia, loss of liberty, lost earnings, emotional distress, embarrassment and humiliation and deprivation of his

constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

42. All of the aforementioned acts deprived plaintiff SEAN ADAMS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. As a result of defendants' aforementioned conduct, plaintiff SEAN ADAMS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

48. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants misrepresented and falsified evidence before the District Attorney.

51. Defendants did not make a complete and full statement of facts to the District Attorney.

52. Defendants withheld exculpatory evidence from the District Attorney.

53. Defendants were directly and actively involved in the initiation of criminal proceedings against SEAN ADAMS.

54. Defendants lacked probable cause to initiate criminal proceedings against plaintiff SEAN ADAMS.

55. Defendants acted with malice in initiating criminal proceedings against plaintiff SEAN ADAMS.

56. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff SEAN ADAMS.

57. Defendants lacked probable cause to continue criminal proceedings against plaintiff SEAN ADAMS.

58. Defendants acted with malice in continuing criminal proceedings against SEAN ADAMS.

59. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

60. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff SEAN ADAMS's favor on May 17, 2011, when all charges against him were dismissed by the Honorable S. Mondo.

61. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "61" as if the same were more fully set forth at length herein.

63. Defendants created false evidence against plaintiff SEAN ADAMS.

64. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's Office.

65. In creating false evidence against plaintiff SEAN ADAMS, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

66. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" as if the same were more fully set forth at length herein.

68. Defendants arrested and incarcerated plaintiff SEAN ADAMS in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

69. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

70. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference

to the safety, well-being and constitutional rights of plaintiff SEAN ADAMS.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SEAN ADAMS as alleged herein.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff SEAN ADAMS as alleged herein.

74. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff SEAN ADAMS was incarcerated unlawfully for one day.

75. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff SEAN ADAMS.

76. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff SEAN ADAMS's constitutional rights.

77. All of the foregoing acts by defendants deprived plaintiff SEAN ADAMS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

**PENDANT STATE LAW CLAIMS UNDER NEW YORK LAW**

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "77" as if the same were more fully set forth at length herein.

79. On or about June 2, 2011, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

80. Defendant, THE CITY OF NEW YORK, has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

81. Defendant, THE CITY OF NEW YORK, has demanded a hearing pursuant to General Municipal Law § 50-h, and this hearing was held on July 19, 2011.

82. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

83. Plaintiff has complied with all conditions precedent to maintaining the instant action.

84. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**FIRST CLAIM FOR RELIEF**
**UNDER NEW YORK STATE LAW: FALSE ARREST**

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as fully set forth herein.

86. As a result of the aforesaid conduct by defendant police officers, plaintiff SEAN ADAMS was subjected to an illegal, improper and false arrest by the defendant police officers and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and

prosecuted by the defendant police officers in criminal proceedings.

87.     The aforesaid actions by defendant police officers constituted a deprivation of the plaintiff's rights.

## SECOND CLAIM FOR RELIEF
## UNDER NEW YORK STATE LAW: FALSE IMPRISONMENT

88.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as fully set forth herein.

89.     As a result of the foregoing, plaintiff SEAN ADAMS was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing and other physical restraints.

90.     Plaintiff SEAN ADAMS was conscious of said confinement and did not consent to same.

91.     The confinement of plaintiff SEAN ADAMS was without probable cause and was not otherwise privileged.

92.     As a result of the aforesaid conduct by defendant police officers, plaintiff SEAN ADAMS was subjected to an illegal, improper and false arrest by the defendant police officers and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendant police officers in criminal proceedings.

## THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as fully set forth herein.

94.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

95. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

96. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

97. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff SEAN ADAMS.

98. As a result of the defendant police officers' conduct, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPER VISION/RETENTION

99. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

101. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department, including the defendants individually named above.

102. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**WHEREFORE**, plaintiff SEAN ADAMS demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       March 28, 2012

                            BY:   ____/S/_____
                                  JON L. NORINSBERG (JN-2133)
                                  Attorney for Plaintiff
                                  225 Broadway, Suite 2700
                                  New York, N.Y. 10007
                                  (212) 791-5396

INDEX NO. **11 CV 2567 (SJ) (SMG)**  YEAR
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SEAN ADAMS,

                                    Plaintiff,

                -against-

THE CITY OF NEW YORK, DET. BRIAN MCSWEENEY, Shield No. 3038, Individually and in his Official Capacity, UNDERCOVER OFFICER #C0098, Individually and in his Official Capacity and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                                    Defendants.

---

## AMENDED SUMMONS AND COMPLAINT

---

**JON L. NORINSBERG**
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
225 Broadway - Suite 2700
New York, New York 10007
(212) 791-5396

---

Signature (Rule 130-1.1a)

_____
Print Name Beneath
To
Attorney(s) for    Defendants

---

Service of a copy of the within is hereby admitted.    Dated

        _____
Attorney(s) for

_____
PLEASE TAKE NOTICE

☐    <u>NOTICE OF ENTRY</u>

        that the within is a (certified) true copy of a

        duly entered in the office of the clerk of the within named court on       20

☐    <u>NOTICE OF SETTLEMENT</u>

        that an order       of which the within is a true copy

        will be presented for settlement to the HON.     one of the judges of the

        within named Court, at

        on       20     at

Dated,                                           Yours, etc